IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FREDRICK NORRIS**                                                      **PLAINTIFF**
**ADC #095167**

**V.**                            **NO. 4:21-cv-00825-KGB-ERE**

**CULELAGER, *et al*.**                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Discussion:**

Plaintiff Fredrick Norris, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Mr. Norris complains that Defendants Culelager, Paige, Naylor, Branch, and Payne violated his

due process rights by convicting him of several disciplinary charges, then upholding

those disciplinary convictions on appeal, without reviewing the video footage of the

alleged incident as requested by Mr. Norris. The Court has reviewed Mr. Norris'

complaint as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a).[1]

Mr. Norris' claims must be dismissed.

A prisoner may bring a due process challenge to his disciplinary proceeding

only if it resulted in punishment sufficient to create a "liberty interest." See *Sandin*

*v. Conner*, 515 U.S. 472, 484 (1995) (a constitutionally protected liberty interest in

the prison context will generally be "limited to freedom from restraint which . . .

imposes atypical and significant hardships on the inmate in relation to the ordinary

incidents of prison life"); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). As a

result of his disciplinary convictions, Mr. Norris received the following punishment:

(1) his commissary privileges, phone privileges, and visitation privileges were

restricted for 60 days; (2) he was sentenced to 23 days in punitive isolation; and (3)

his classification level was reduced. *Doc. 2 at 17*. Such punishment is not severe

enough to trigger a liberty interest. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

(1976); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and 30 days in punitive segregation is not an atypical and significant hardship under *Sandin*); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Because Mr. Norris had no liberty interest at stake in connection with the challenged disciplinary convictions, he has not stated a plausible claim that his procedural due process rights under the Fourteenth Amendment were violated.

## III.    Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.    Mr. Norris' claims be DISMISSED, without prejudice.

2.    The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

3.      The Clerk be instructed to close this case.

DATED this 20th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE